NOT FOR PUBLICATION

|  |  |
|---|---|
|  | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY |
| COMCAST CABLE<br>COMMUNICATIONS, : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | **OPINION** |
| v. : | Civil Action No. 04-CV-3432 (DMC) |
| MAX JEANTY, : |  |
| Defendant. : |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Comcast Cable Communications ("Plaintiff") for Entry of Final Judgment by Default pursuant to Federal Rule of Civil Procedure 55 against Max Jeanty ("Defendant") for theft of cable services in violation of the Communications Act of 1934, as amended, 47 U.S.C. § 553(a)(1) ("Communications Act"). For the reasons set forth below, Plaintiff's motion is **granted**.

## DISCUSSION

Plaintiff seeks an award of statutory damages pursuant to 47 U.S.C § 553. § 553(a) authorizes a court to award statutory damages, as the court considers just, in the range of $250.00 through $10,000.00 for all violations involved in an action. See 47 U.S.C § 553(c)(3)(A)(ii). A court may also "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C § 553(c)(2)(C).

The statutory damage provision of 47 U.S.C. § 553 is used in lieu of a calculation of

actual damages because of the difficulty in determining the extent of an individual's unauthorized use. See Cablevision Systems New York City Corp. v. Lokshin, 980 F.Supp 107 (E.D.N.Y. 1997). Under § 553 a court is only permitted to award "just" statutory damages, between $250.00 and $10,000.00, to an aggrieved party such as Plaintiff. To approximate a "just" statutory damage award, the court must undertake an accounting of the services a defendant could access without payment. This accounting requires a court to subtract the difference between the retail value of full premium programing and the retail value of the subscription plan a defendant purchased and then multiply the sum by the number of months a defendant had illegal access to premium programing. This product, when added to an estimate of a defendant's aggregate illicit pay-per-view usage, plus a plaintiff's attorneys' fees, substantiated by time sheets and affidavits, represent the full statutory damages that may be awarded by this Court.

### A. Standard for Default Judgment

The Court has received and considered the documentation submitted by Plaintiff. Defendant did not submit any response to Plaintiff's application. By virtue of Defendant's default, every "well-plead allegation" of the complaint, except those relating to damages, are deemed admitted. Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990). Moreover, Plaintiff is entitled to all reasonable inferences from the evidence offered. See, e.g., Victor Int'l, Inc. v. Taiwan Mach. Trade Ctr. Corp., 278 B.R. 67, 81-82 (D.N.J.2002) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir.1981)). Thus, this Court is required to accept as true the assertions that Defendant purchased "eight pirate" cable television decoding devices compatible with the cable television technology used by Plaintiff, and used these devices to

intercept and receive Plaintiff's cable television programming services, including "premium" and "pay-per-view" services, without Plaintiff's authorization and without payment. (See generally Plaintiff's Brief in Support of Damages ("Pl. Br.")) The Court is also required to accept that Plaintiff is a "person aggrieved" by Defendant's violation and that Defendant violated 47 U.S.C. § 553.

### B. Admitted Facts

The evidence offered in Plaintiff's affidavit establishes the following facts. Defendant purchased eight unauthorized "pirate" devices in June 2001. (Plaintiff's Brief in Support of Motion for Default ("Pl. Br") at 1). Suit was commenced against Defendant in July 2004. During that time period, Defendant used the "pirate" devices to gain access to all Plaintiff's premium services. (Pl. Br. at 7). Defendant had access to $400.00 worth of pay-per-view programming each month, based upon the cost of viewing each different pay-per-view movie or event just one time in a given month. Id. Because the "pirate" device was designed to defeat Plaintiff's security protections, Plaintiff had no way of knowing how often Defendant actually used the "premium" or "pay-per-view" services to which he had access. As a result, Plaintiff cannot calculate its real damages incurred by Defendant's use of a "pirate" cable converter. Therefore, Plaintiff is forced to pursue statutory damages in lieu of actual damages.

### C. Calculation of Damages

In setting the amount of statutory damages within the $250.00 through $10,000.00 range provided by the statute, the Court considers as a starting point the value of the programming services to which Defendant had access without having to pay the applicable fees. The evidence establishes that with just one of pirating device obtained by Defendant, he could have illegally

obtained all the premium channels and pay per view channels offered by Plaintiff, totaling $5,000 per month, for the past five years. (Pl. Br. at 8). Defendant purchased a total of eight illegal pirating devices, and most likely instigated pirating behavior in multiple New Jersey households. (Id.) Due to the fact Defendant did not answer the Complaint or participate in discovery, Plaintiff could not discover the current location of all the devices and was unable to fully calculate the maximum amount of damages suffered due to Defendant's illegal activity. Due to the number of pirate devices purchased by the Defendant and the fact that Defendnat is probably responsible for the Plaintiff losing over $30,000 in revenue, this Court awards Plaintiff $10,000, the maximum amount of statutory damages. This amount of damages is also appropriate to serve as a deterrence.

### C. Pre-Judgment Interest

Under New Jersey Court Rules 4:42-11b pre-judgment interest may be awarded to tort recoveries. In Prostar v. Massachi, the Fifth Circuit held that cable piracy was analogous to the tort of conversion. 239 F.3d 669 (5th Cir. 2001). The Court has discretion to compensate a plaintiff for a defendant's use of its money after the cause of action accrued but before the judgment was entered. Hurely v. Atlantic City Police, 933 F. Supp. 396, 398 (D.N.J. 1996). This Court awards pre-judgment interest to Plaintiff in the amount of $3,630.00 due to Defendant's ability to evade paying legitimate subscription fees to Plaintiff and Plaintiff's inability to be compensated for Defendant's use of its services since July 2001, when Defendant purchased the pirating devices.

### E. Costs and Fees

As discussed above, § 553 of the Communications Act provides that this Court may

award full costs as well as reasonable attorney's fees. 47 U.S.C. § 553(c)(2)(C). Here, Plaintiff has submitted an affidavit and time sheets to establish the amount of costs and attorneys' fees incurred in prosecuting this action. In reviewing the submission on this issue, this Court finds that the time billed and the rates charged by counsel are reasonable. Specifically, two associates and one paralegal worked on this matter, and in total, billed $1,050.00. Plaintiff's affidavit also establishes that the Plaintiff incurred $240.00 in filing fees and costs relating to Defendant which are properly reimbursable. Thus, the Court awards Plaintiff its costs and attorneys' fees in the amount of $1,290.00. Accordingly, Defendant must pay Plaintiff $14,920.00.

### F. Injunction

Pursuant to § 553(c)(2)(A) of the Communications Act, a court may issue a final injunction in such terms that are reasonable to prevent or restrain Defendant from performing any further violations of § 553(a)(1). Accordingly, this Court permanently enjoins Defendant from committing or assisting in the commission of any further violation of the Communications Act.

### CONCLUSION

For the foregoing reasons, Plaintiff's request for damages pursuant to 47 U.S.C. § 553(a)(1) is **granted**. An appropriate Order accompanies this Opinion.

_____
Dennis M. Cavanaugh, U.S.D.J.

Date:       October 12, 2005
Original:   Clerk's Office
Copies:     All Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File